```
             IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF KANSAS
```

**MICHAEL R. FAGAN,**

                Petitioner,

      v.                              CASE NO. 11-3210-SAC

**RAY ROBERTS, et al.,**

                Respondents.

<u>MEMORANDUM AND ORDER</u>

Petitioner proceeds pro se on a petition for habeas corpus relief under 28 U.S.C. § 2241, and has submitted the full filing fee.  Petitioner is a prisoner in the custody of the Kansas Department of Corrections (KDOC), and asserts three grounds for relief related to allegations of error in the execution of his state sentence.

Having reviewed the materials submitted by petitioner, the court finds petitioner is entitled to no relief under § 2241.

*Background*

While on postrelease supervision for his conviction in a 2000 case, petitioner was arrested and convicted on 2009 criminal charges.  He filed a state habeas petition in the district court, alleging legal error in KDOC's computation of the sentence to be served in the two cases.  When the district court summarily denied the petition, petitioner filed an appeal claiming Kansas sentencing statutes should be interpreted to prohibit his sentences from running consecutively, to cap the amount of postrelease supervision time that can be converted to a prison term, and to require full

credit be given against the postrelease supervision on his 2000 crime for the time served in jail on his 2009 crime.  The Kansas Court of Appeals affirmed the district court's decision, finding no error in KDOC's interpretation and application of the state sentencing statutes.[1]  Petitioner did not thereafter seek timely review by the Kansas Supreme Court of that decision.

*28 U.S.C. § 2241*

A state prisoner habeas petition challenging the execution of his sentence, rather than the validity of his state conviction or the sentence imposed, is properly brought under 28 U.S.C. § 2241. *Davis v. Roberts*, 425 F.3d 830, 833 (10th Cir.2005); *Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir.2000).  Full exhaustion of state court remedies is required.  See *Montez*, 208 F.3d at 866 (habeas petitioner is "generally required to exhaust state remedies whether his action is brought under Section 2241 or Section 2254").

*Ground I - Access to the Courts*

Petitioner first claims the Kansas appellate clerk's office violated his constitutional right of access to the courts by not allowing him to file an untimely petition for the Kansas Supreme Court's review.[2] Petitioner thus reasons the federal court's

---

[1] See *Fagan v. Riggin*, 2011 WL 4358359 (Kan.App., Sept. 16, 2011)(unpublished).

[2] Petitioner cites correspondence with the appellate clerk's office in which petitioner states he never received a copy of the Court of Appeals opinion when it was decided, he first learned of the Court of Appeals decision when he contacted the appellate court clerk's office for information regarding his appeal, and the appellate court clerk's office subsequently provided petitioner with a copy of the Court of Appeals decision.  When petitioner then submitted his motion for discretionary review by the Kansas Supreme Court, the appellate court clerk's office returned the motion as untimely submitted, stating it no longer had appellate jurisdiction

jurisdiction over his claim of being denied access to the courts establishes this court's jurisdiction for habeas review of petitioner's sentencing claims.

Petitioner's allegations of being denied his constitutional right of access to the courts, however, do not implicate the legality or execution of his state criminal sentence. Accordingly, petitioner is not entitled to any relief under § 2241 on this claim of constitutional deprivation. To the extent petitioner maintains a person acting under color of state law violated petitioner's rights under the Constitution or laws of the Untied States, the remedy on such a claim lies in a non-habeas civil action seeking relief under 42 U.S.C. § 1983. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

To the extent petitioner suggests the state appellate court's handling of his untimely petition excuses his failure to fully exhaust state court remedies, the court disagrees.

"The Supreme Court has explained that if state court remedies are no longer available because the prisoner failed to comply with the deadline for seeking review, the prisoner's procedural default generally functions as a bar to federal habeas review." *Magar v. Parker*, 490 F.3d 816, 819 (10th Cir.2007)(citing *Woodford v. Ngo*, 548 U.S. 81, 92 (2006)). *See O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999)(procedural default doctrine preserves integrity of the exhaustion doctrine); *Coleman v. Thompson*, 501 U.S. 722, 732 (1991)(a "habeas petitioner who has defaulted his federal claims in

---

where the appellate mandate had been entered, and the record had been returned to the district court.

state court meets the technical requirements for exhaustion ... [because] there are no state remedies any longer 'available' to him," and, thus, that the procedural default doctrine prevents a habeas petitioner from circumventing the policy underlying the exhaustion doctrine).  The procedural default doctrine applies in the present case where the court finds no showing or argument that the deadline for filing a petition for discretionary review in the Kansas Supreme Court, or the handling of petitioner's untimely petition, was not pursuant to a procedural ground based solely on state law regularly followed and applied.

The procedural default doctrine precludes federal habeas review of a federal claim that a state court has declined to consider due to the petitioner's noncompliance with state procedural rules unless petitioner can show: (1) both cause and prejudice, or (2) manifest injustice.  *Coleman*, 501 U.S. at 750.  Finding neither showing is evident on the face of the instant record, the court concludes the petition should be dismissed because federal habeas review of petitioner's claims is barred by petitioner's procedural default in presenting his constitutional claims to the state courts.

But even if the procedural default bar could be overcome, dismissal of the petition would still be warranted because petitioner's remaining claims entitle him to no habeas corpus relief.

*Ground II - Due Process*

Petitioner contends the Kansas Court of Appeals' interpretation of state sentencing statutes is erroneous and violates petitioner's rights under the Fourteenth Amendment by requiring him to serve two and a half years beyond the period mandated by Kansas law as

4

interpreted by petitioner.

However, the United States district courts are authorized to grant a writ of habeas corpus to a prisoner "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Claims seeking relief for the alleged violation of state law are not cognizable in a federal habeas action. *Montez*, 208 F.3d at 865.

Here, petitioner's arguments are all based upon state statutes and his interpretation of those statutes, and thus fail to state a cognizable federal constitutional violation. The Kansas Court of Appeals has soundly rejected petitioner's legal arguments, and a federal habeas court is bound by the state's interpretation of its own sentencing laws. *House v. Hatch*, 527 F.3d 1010, 1028 (10th Cir.2008).

*Ground III - Equal Protection*

Petitioner additionally contends he is being denied equal treatment by the state courts due to his pro se status, claiming another prisoner proceeding with counsel obtained relief on similar allegations of error in the interpretation of state sentencing statutes regarding that prisoner's sentence. The court first notes there is no suggestion in the record that petitioner ever raised or attempted to raise an equal protection claim in the state courts. Nonetheless, petitioner's claim of unequal treatment is conclusory at best, and presents no factual or legal basis for establishing a claim of constitutional error in the execution of petitioner's state sentence that would entitle him to federal habeas corpus relief.

*Conclusion*

The court thus concludes the petition should be dismissed

because it is clear on the face of the record that federal habeas review is barred by petitioner's procedural default in presenting his claims to the state courts, and that even if there were no procedural bar, petitioner's claims entitle him to no relief under § 2241.

    IT IS THEREFORE ORDERED that the petition is dismissed.

    **IT IS SO ORDERED.**

    DATED:  This 24th day of May 2012 at Topeka, Kansas.

    _s/ Sam A. Crow_
SAM A. CROW
U.S. Senior District Judge